SVENDSEN v. STURSBERG and others.[1]

*(District Court, E. D. New York.   May 27, 1887.)*

CHARTER—WARRANTY OF SEAWORTHINESS—REJECTION OF VESSEL.
   Four impartial, competent, and experienced persons having, after examination of a vessel, expressed the belief that she was not seaworthy, and the owner having refused to dock the vessel and settle the question, it was *held* that, notwithstanding the subsequent good performance of the ship, the charterers were justified in rejecting her.

In Admiralty.

Libel to recover damages for failure of claimants to ship cargo by her in terms of charter-party.

*Butler, Stillman & Hubbard*, for libelant.

*Jas. K. Hill, Wing & Shoudy*, for claimants.

BENEDICT, J.   In the case of *Premuda* v. *Goepel*, 23 Fed. Rep. 410, it was decided by Judge BROWN that the warranty of the seaworthiness of a ship is a warranty that the ship is in such a fit condition for all the ordinary hazards of the contemplated voyage as to be approved as seaworthy in the judgment of impartial, competent, and experienced men, versed in that business.   If such be the legal effect of the warranty of seaworthiness, and I incline to the opinion that such must be its effect, the libelant in this case cannot recover; for the proof shows that four impartial, competent, and experienced persons, agents of various underwriters, after examining the ship, formed and expressed the judgment that the ship was not seaworthy; while the agent of the Norwegian underwriters, and the agent of the ship, himself an experienced shipmaster, formed a contrary opinion.

No bias against the ship on the part of those who rejected her is shown, and no reason assigned for their adverse opinion other than the condition of the ship as visible to them.   The difference in opinion thus disclosed could have been terminated at once by having the ship docked, and the

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

condition of her bottom thus disclosed. The ship was not put on the dock, nor was such an examination of her tendered. This omission indicates to my mind that what was visible of the ship afforded just ground for the belief that such an examination would disclose an unsound bottom. No reason is suggested for omitting to dock the ship, except the expense. That reason appears to me to be an insufficient one, under the circumstances. The rejection of the ship by one insurance inspector was of itself so serious a matter for the ship that it seems to me that some other reason than the expense of docking the ship must have existed to cause the omission to tender that examination, that would have laid to rest all doubts as to the seaworthiness of the ship.

I have not overlooked the subsequent performance of the ship, but the question is not whether the ship would make the contemplated voyage in safety, but whether the condition of the ship was such as to justify the belief of competent persons that she was not in fit condition to be exposed to the hazards of the contemplated voyage.

If that be the question, it seems clear that the charterers were justified in rejecting the vessel, and the libel must be dismissed, with costs.